IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
ATHENS DIVISION

| | |
|---|---|
| **BYRON DONNELLE CLAY,** : | |
| : | |
| **Plaintiff,** : | |
| : | No. 3:25-cv-00167-TES-CHW |
| v. : | |
| : | |
| **AMBER BATTS,** *et al.*, : | |
| : | |
| **Defendants.** : | |

## ORDER OF DISMISSAL

*Pro se* Plaintiff Byron Clay, an inmate in the Walton County Jail in Monroe, Georgia, filed a complaint brought under 42 U.S.C. § 1983. (ECF No. 1). Plaintiff was granted leave to proceed *in forma pauperis* with an initial partial filing fee of $37.97. (ECF No. 5). Plaintiff has paid that fee and his complaint is ripe for preliminary screening. Also pending is Plaintiff's Emergency Motion for Protective Transfer and Preliminary Injunction. (ECF No. 3).

### PRELIMINARY SCREENING OF PLAINTIFF'S COMPLAINT

**I.  Standard of Review**

The Prison Litigation Reform Act ("PLRA") directs courts to conduct a preliminary screening of every complaint filed by a prisoner who seeks redress from a government entity, official, or employee. 28 U.S.C. § 1915A(a). Courts must also screen complaints filed by a plaintiff proceeding IFP. 28 U.S.C. § 1915(e). Both statutes apply in this case, and the standard of review is the same. "*Pro se* filings are generally held to a less stringent standard than those drafted by attorneys and are liberally construed." *Carmichael v. United States*, 966 F.3d 1250, 1258 (11th Cir. 2020) (citation omitted). Still, the Court must dismiss a prisoner complaint if it "(1) is frivolous, malicious, or fails to state a claim upon which relief may be granted; or (2)

seeks monetary relief from a defendant who is immune from such relief." 28 U.S.C. § 1915A(b); *see also* 28 U.S.C. § 1915(e).

A claim is frivolous if it "lacks an arguable basis either in law or in fact." *Miller v. Donald*, 541 F.3d 1091, 1100 (11th Cir. 2008) (citations omitted). On preliminary screening, the Court may dismiss claims that are based on "indisputably meritless legal" theories and "claims whose factual contentions are clearly baseless." *Id*. (citations omitted). A claim can be dismissed as malicious if it is knowingly duplicative or otherwise amounts to an abuse of the judicial process. *Daker v. Ward*, 999 F.3d 1300, 1308, 1310 (11th Cir. 2021) (affirming dismissal of duplicative complaint "in light of [prisoner's] history as a prolific serial filer").

A complaint fails to state a claim if it does not include "sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). "Factual allegations [in a complaint] must be enough to raise a right to relief above the speculative level . . . ." *Twombly*, 550 U.S. at 555 (citations omitted). In other words, the complaint must allege enough facts "to raise a reasonable expectation that discovery will reveal evidence" supporting a claim. *Id*. at 556. "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Iqbal*, 556 U.S. at 678 (citing *Twombly*, 550 U.S. at 555).

To state a claim for relief under § 1983, a plaintiff must allege that (1) an act or omission deprived him of a right, privilege, or immunity secured by the Constitution or a statute of the United States; and (2) the act or omission was committed by a person acting under color of state law. *Hale v. Tallapoosa Cnty.*, 50 F.3d 1579, 1582 (11th Cir. 1995). If a litigant cannot satisfy these requirements or fails to provide factual allegations in support of his claim or claims, the complaint is subject to dismissal. *See, e.g.*, *Bingham v. Thomas*, 654 F.3d 1171, 1176–77 (11th

Cir. 2011) (affirming dismissal of certain claims at preliminary screening because prisoner failed to allege sufficient facts to show a violation of his rights), *abrogated on other grounds by Wade v. McDade*, 106 F.4th 1251, 1255 (11th Cir. 2024) (en banc).

## II.      Plaintiff's Allegations

Plaintiff's claims arise from his incarceration at the Walton County Jail. (ECF No. 1 at 7). Plaintiff complains that Defendant Amber Batts did not forward payments of partial filing fees in his federal civil actions when requested to do so and that she was dishonest with him about the status of fee payments in his cases. (*Id*. at 5–9). Plaintiff further complains that Defendant Cpl. Minor denied him "access to the grievance process." (*Id*. at 6, 13–14). Plaintiff seeks declaratory and injunctive relief as well as damages and the costs of his lawsuit. (*Id*. at 10–11).

## III.      Plaintiff's Claims

### A.      Claims against Walton County Jail and Walton County Sheriff Office

Plaintiff has named "Walton County Jail/ Walton County Sheriff office" as a Defendant. (ECF No. 1 at 1, 3). However, federal courts have long recognized that sheriff's departments, county detention facilities, and police departments are not legal entities subject to suit or liability under § 1983. *See Dean v. Barber*, 951 F.2d 1210, 1214 (11th Cir. 1992) (stating that "sheriff's departments and police departments are not usually considered legal entities subject to suit"); *Bunyon v. Burke Cnty.*, 285 F. Supp. 2d 1310, 1328 (S.D. Ga. 2003) (dismissing claim against police department, reasoning that it was not a legal entity subject to suit); *Shelby v. City of Atlanta*, 578 F. Supp. 1368, 1370 (N. D. Ga. 1984) (concluding that the City of Atlanta Police Department is not a proper defendant because it is "merely the vehicle through which the City government fulfills its policing function"). Thus, Plaintiff's claims against the Walton County Sheriff's Office and Walton County Jail must be dismissed because they are not entities subject

to suit in a § 1983 action.

### B. Access to Courts Claim

Plaintiff complains that Defendant Batts's "intentional or reckless failure to process Plaintiff trust funds payment, to forward partial filing fee to the federal court, and their false statements about what Court required obstructed Plaintiff ability to file and prosecute civil litigation in the federal courts." (ECF No. 1 at 5).

"Access to the courts is clearly a constitutional right, grounded in the First Amendment, the Article IV Privileges and Immunities Clause, the Fifth Amendment, and/or the Fourteenth Amendment." *Chappell v. Rich*, 340 F.3d 1279, 1282 (11th Cir. 2003) (citing *Christopher v. Harbury*, 536 U.S. 403, 415 n.12 (2002)). To state an access to courts claim, an inmate must show that the defendant deterred his "efforts to proceed with a legal claim in a criminal appeal, [post-conviction] matter, or civil rights action seeking to vindicate basic constitutional rights." *Wilson v. Blankenship*, 163 F.3d 1284, 1291 (11th Cir. 1998). However, an inmate's right to access the courts is only implicated where there is actual injury suffered "in the pursuit of specific types of nonfrivolous cases: direct or collateral attacks on sentences and challenges to conditions of confinement." *Id.* The Supreme Court clarified the requirement of showing an actual injury in order to state a claim of denial of access, stating that "[t]he requirement that an inmate alleging [denial of access to the courts] must show actual injury derives ultimately from the doctrine of standing, . . . . It is the role of courts to provide relief to claimants, . . . who have suffered, or will imminently suffer, actual harm." *Lewis v. Casey*, 518 U.S. 343, 349 (1996); *see also Bass v. Singletary*, 143 F.3d 1442, 1445 (11th Cir. 1998) (citing *Lewis*, 518 U.S. at 349–50) ("The doctrine of standing requires that an inmate alleging a violation of the right of access to the courts must show an actual injury . . . . Thus, the prison officials' actions which allegedly

4

infringed an inmate's right of access to the courts must have frustrated or impeded the inmate's efforts to pursue a nonfrivolous legal claim.")). Lastly, "[t]he allegations about the underlying cause of action must be specific enough to give fair notice to the defendants and must 'be described well enough to apply the nonfrivolous test and to show that the arguable nature of the underlying claim is more than hope.'" *Cunningham v. Dist. Att'y's Off. for Escambia Cnty.*, 592 F.3d 1237, 1271 (11th Cir. 2010) (quoting *Christopher*, 536 U.S. at 416).

Since July 21, 2025, Plaintiff has filed seven § 1983 complaints in this Court that all arise from his incarceration at the Walton County Jail. *See* (ECF No. 1); *Clay v. Stidham*, 3:25-cv-114-TES-AGH (filed July 21, 2025); *Clay v. Gamble*, 3:25-cv-121-TES-AGH (filed July 31, 2025); *Clay v. Cooper*, 3:25-cv-124-TES-AGH (filed Aug. 8, 2025); *Clay v. Minor*, 3:25-cv-127-TES-AGH (filed Aug. 14, 2025); *Clay v. Pressly*, 3:25-cv-144-TES-AGH (filed Sep. 8, 2025); *Clay v. Mendez*, 3:25-cv-196-TES-AGH (filed Dec. 11, 2025). Plaintiff does not specifically list any of these lawsuits or any other lawsuit in his statement of claim as being the underlying lawsuit of his access to courts claim. *See* (ECF No. 1 at 7–8). However, when asked on the Court's standard form about exhaustion of administrative remedies, Plaintiff does allege that the "partial filing fee . . . was not paid for cases 3:25-cv-171-TES-AGH in the amount of $41.67 and 3:25-cv-124-TES-AGH in the amount of $50.00." (*Id.* at 13). Therefore, the Court concludes that these two lawsuits, 3:25-cv-171-TES-AGH, *Clay v. Gamble*, and 3:25-cv-124-TES-AGH, *Clay v. Cooper*, are the civil actions that are the basis for Plaintiff's access to courts claim.

First, *Cooper* is still pending, and Plaintiff has been provided additional time to pay his partial initial filing fee. (ECF No. 6); (ECF No. 16). Thus, Plaintiff's allegation that he has been denied access to the courts in *Cooper* due to Defendant Batts's failure to forward his partial initial filing fee to this Court *for that* case is senseless. Moreover, Plaintiff is not even solely

5

reliant upon jail personnel to pay his initial filing fees out of his inmate account. Indeed, partial initial filing fees have been paid via money orders submitted to the Court by Plaintiff's family and/or fiancée in this civil action ($37.97 fee paid on Nov. 20, 2025) and in at least two other civil actions. *See Clay v. Minor*, 3:25-cv-127-TES-AGH (docket reflecting that $41.67 fee was paid on October 7, 2025, via money order by family friend/fiancée); *Clay v. Pressly*, 3:25-cv-144-TES-AGH (docket reflecting that $35.53 fee was paid on Oct. 14, 2025, via money order by family friend/ fiancée). Therefore, Plaintiff can hardly claim that Defendant Batts's failure to forward payment of the partial initial filing fee in *Cooper* in September 2025 has adversely affected that case or otherwise impeded upon his bringing that lawsuit before the Court.

*Gamble*, however, was initially dismissed without prejudice on October 17, 2025, for a failure to pay a partial initial filing fee. (*Gamble*, ECF No. 11). Thereafter, Plaintiff filed a motion for reconsideration. (*Gamble*, ECF No. 18). This Court granted Plaintiff's motion for reconsideration and reopened *Gamble* to further review its dismissal for Plaintiff's failure to obey the Court's orders and to conduct preliminary screening of that civil action under the PLRA. (*Gamble*, ECF No. 21). Upon such review, the Court dismissed Plaintiff's complaint without prejudice pursuant to § 1915A(b)(1) for failure to state a claim upon which relief may be granted.[1] (*Id*. at 9–20). Since Plaintiff failed to state a viable claim in *Gamble*, he does not satisfy the actual injury requirement of an access to courts claim in his present complaint. *Barbour v. Haley*, 471 F.3d 1222, 1226 (11th Cir. 2006) (holding that a plaintiff must prove "that he has a colorable underlying claim for which he seeks relief" in order to state an access to courts claim); *Al-Amin v. Smith*, 511 F.3d 1317, 1325 (11th Cir. 2008) (holding that a prisoner must allege that he had a legitimate claim that he was unable to pursue due to the prison official's

---

[1] The Court dismissed *Gamble* again for failure to obey the orders of the Court. (*Gamble*, ECF No. 21 at 2–9).

interference in order to satisfy the actual injury requirement of an access to courts claim).

In sum, Plaintiff complains that Defendant Batts denied him access to courts in *Gamble* and *Cooper* by failing to forward court-ordered filing fees to the district court. However, Plaintiff has failed to show any actual injury; thus, his access to courts claim must be dismissed for failure to state a claim.

### C. Grievance Procedure Claims

Plaintiff complains that Defendant Minor did not handle his grievances appropriately and that these actions violated Plaintiff's constitutional rights. (ECF No. 1 at 8). However, inmates do not have a constitutional right to participate in grievance procedures, to have those procedures properly followed, or to any preferred outcome to a filed grievance. *See, e.g.*, *Bingham v. Thomas*, 654 F.3d 1171, 1177–78 (11th Cir. 2011) (citations omitted) (affirming dismissal as frivolous prisoner's claims that he was denied use of the prison's grievance procedure and holding that an inmate has no constitutionally protected liberty interest in access to that procedure); *Dunn v. Martin*, 178 F. App'x 876, 878 (11th Cir. 2006) (prison officials' failure to respond to prisoner's letters and grievances and to follow prison regulations regarding grievance responses did not implicate due process concerns). Thus, to the extent Plaintiff raises a §1983 claim against Defendant Minor or any other named defendant based on the handling of his grievances or the grievance process, Plaintiff fails to state a claim for relief.

### D. Deprivation of Property Claim

Plaintiff complains that Defendants impeded his access to the funds in his inmate trust account thereby depriving him of his property and violating his due process rights. (ECF No. 1 at 5, 8). Plaintiff's claim that he has been deprived of his property is construed as a procedural due process claim contrary to the rights conferred under the Fourteenth Amendment. "A § 1983

action alleging a procedural due process clause violation requires proof of three elements: a deprivation of a [constitutionally protected] liberty or property interest; state action; and constitutionally inadequate process." *Doe v. Fla. Bar*, 630 F.3d 1336, 1342 (11th Cir. 2011) (quoting *Cryder v. Oxendine*, 24 F.3d 175, 177 (11th Cir. 1994)). As to the third element, it is recognized that "[d]ue process is a flexible concept that varies with the particular situation." *Cryder*, 24 F.3d at 177. As to the second element of a procedural due process claim, "the state's action is not complete until and unless it provides or refuses to provide a suitable [post-deprivation] remedy." *Hudson v. Palmer*, 468 U.S. 517, 533 (1984). Thus, even "an unauthorized intentional deprivation of property by a state employee does not constitute a violation of the procedural requirements of the Due Process Clause of the Fourteenth Amendment if a meaningful [post-deprivation] remedy for the loss is available." *Id.*; *see also Case v. Eslinger*, 555 F.3d 1317, 1331 (11th Cir. 2009).

"Georgia provides a civil cause of action for the wrongful conversion of personal property." *Moore v. McLaughlin*, 569 F. App'x 656, 658 (11th Cir. 2014) (per curiam) (citing O.C.G.A. § 51-10-1). The Eleventh Circuit has "held that this cause of action constitutes a suitable [post-deprivation] remedy for procedural due process violations." *Id.* Because Georgia law provides an adequate post-deprivation remedy through O.C.G.A. § 51-10-1, Plaintiff fails to state a § 1983 claim against Defendants for the mishandling of the money in his inmate trust account. *See McLaughlin*, 569 F. App'x at 658 (concluding that the district court did not err in dismissing a plaintiff's procedural due process claim regarding prisoner's stolen packages); *Mines v. Barber*, 610 F. App'x 838, 840 (11th Cir. 2015) (upholding district court's dismissal of prisoner's claim that correctional officers were illegally confiscating the prisoner's personal property).

## IV.     Conclusion

For the reasons set forth above, Plaintiff's complaint is **DISMISSED without prejudice** pursuant to § 1915A(b)(1) for failure to state a claim for which relief may be granted, and his Emergency Motion for Protective Transfer and Preliminary Injunction is **DENIED as moot**.[2] (ECF No. 3).

**SO ORDERED**, this 2nd day of January, 2026.

*S/ Tilman E. Self, III*
**TILMAN E. SELF, III**
**UNITED STATES DISTRICT JUDGE**

---

[2] Plaintiff's complaint is at times an unintelligible word salad of legalese. *See, e.g.*, (ECF No. 1 at 5–6). In one such instance, Plaintiff states that he "realleges prior paragraphs under Georgia law" and asserts "state law claims pursuant to 28 U.S.C. § 1367." (*Id*. at 5). District courts do not have original jurisdiction over state law claims. *See* 28 U.S.C. § 1367. This Court's only jurisdiction over state law claims is through exercising supplemental jurisdiction. *Id*. As outlined in this Order, none of Plaintiff's federal claims survive screening. Since Plaintiff has alleged no viable federal claim in the present civil action, the Court declines to exercise supplemental jurisdiction over Plaintiff's state law claims. *See* 28 U.S.C. § 1367(c)(3) (a district court "may decline to exercise supplemental jurisdiction over a claim . . . if the district court has dismissed all claims over which it has original jurisdiction").